UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAVID BYTHEWOOD,

                             Plaintiff,

       v.

THE STATE OF NEW YORK, THE APPELLATE DIVISION SECOND DEPARTMENT OF THE SUPREME COURT OF THE STATE OF NEW YORK, JUSTICE LEONARD AUSTIN, JUSTICE ALAN D. SCHEINKMAN, JUSTICE MARK C. DILLON, JUSTICE ROBERT J. MILLER, and HONG KONG BANK CORPORATION, USA, N.A.,

                             Defendants.

**MEMORANDUM AND ORDER**

21-cv-04628 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      David Bythewood ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1981 and the Declaratory Judgment Act against the Second Judicial Department of the Appellate Division of the Supreme Court of the State of New York (the "Second Department"), Justice Leonard Austin, Justice Alan D. Scheinkman, Justice Mark C. Dillon, and Justice Robert J. Miller (the "Individual Defendants" and, collectively with the Second Department, the "Judicial Defendants").  Plaintiff additionally brings this action against the State of New York, though the claims against the state are unclear.  Finally, Plaintiff brings a breach of contract claim against Hong Kong Shanghai Bank Corporation Bank USA, N.A. ("HSBC") (collectively with New York State and the Judicial Defendants, the "Defendants").

## BACKGROUND[1]

On July 8, 2009, HSBC commenced a foreclosure proceeding in the Nassau County Supreme Court against Plaintiff (the "Foreclosure Proceeding") relating to Plaintiff's residential property located in Long Beach, New York (the "Subject Property"). (Compl. ¶ 34, ECF No. 1; Ex. 4 at 1, *id.*, ECF No. 1-4.) On November 20, 2012, the Nassau County Supreme Court certified the case for trial and directed HSBC "to file a note of issue within 90 days" (the "Certification Order"). (Compl. ¶¶ 98–100.) Thereafter, HSBC failed to file to file a note of issue within 90 days and the Foreclosure Proceeding was "ministerially dismissed."[2] (Ex. 4 at 1, Compl., ECF No. 1-5; Compl. ¶ 101.) On October 31, 2017, HSBC moved to vacate the dismissal. (Ex. 4 at 5, Compl.) On December 21, 2017, the Nassau County Supreme Court denied HSBC's motion. (*Id.* at 5.) Specifically, the court denied vacatur because HSBC had put forward no "explanation for the extraordinary delay in proceeding with the prosecution" of the action. (*Id.* at 4–5.)

On June 13, 2017, prior to HSBC's motion to restore the Foreclosure Proceeding, Plaintiff filed a quiet title action in the Nassau County Supreme Court against HSBC (the "Quiet Title Action"). (Ex. 3 at 3, Compl., ECF No. 1-3.) Plaintiff sought the cancellation of any outstanding mortgage on the Subject Property. (Ex. 1 at 2, Schatzle Decl., ECF No. 41-1.) On January 8, 2018, the court granted Plaintiff's motion for summary judgment. (*Id.* at 5.)

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order. Moreover, in deciding a motion to dismiss for failure to state a claim, a court may consider documents attached to and incorporated by reference into the complaint. *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (When ruling on a Rule 12(b)(6) motion to dismiss, the Court "confine[s] its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (quotation marks and citation omitted)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (quotation marks and citation omitted)).

[2] The date of the dismissal was not included in the complaint or its exhibits.

2

Specifically, the court determined that its denial of HSBC's motion to restore the Foreclosure Proceeding precluded HSBC from enforcing its mortgage because the applicable statute of limitations had expired. (*Id*. at 4.)

HSBC appealed the orders in both the Foreclosure Proceeding and the Quiet Title Action to the Second Department. On October 28, 2020, the Second Department reversed both orders in separate opinions. *See HSBC Bank USA, N.A. v. Arias*, 187 A.D.3d 1158 (2d Dep't 2020) (Foreclosure Action appeal); *Bythewood v. Renaissance Mortgage Acceptance Corp.*, 187 A.D.3d 121 (2d Dep't 2020) (Quiet Title Action appeal). With respect to the Foreclosure Proceeding, the Second Department found that the dismissal was improper because the Certification Order did not comply with Rule 3216 of the New York Civil Practice Law and Rules ("CPLR"), which governs dismissal for failure to prosecute. *Arias*, 187 A.D. at 1159. Specifically, the Second Department noted that the Certification Order "was defective as it did not state that [HSBC's] failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute." *Id*. Thus, the court concluded that the Foreclosure Proceeding was improperly dismissed. *Id.* Plaintiff appealed the Second Department's decision to the New York Court of Appeals. On February 11, 2021, the New York Court of Appeals dismissed Plaintiff's appeal sua sponte because the order "[did] not finally determine the" Foreclosure Proceeding. *HSBC Bank USA, N.A. v. Arias*, 36 N.Y.3d 1036 (N.Y. 2021). Because the Second Department found the dismissal order in the Foreclosure Action was improper, it also concluded that Plaintiff could not establish HSBC was time barred from enforcing the mortgage. *See Bythewood*, 187 A.D.3d at 1122. Thus, the Second Department remanded the Quiet Title Action to the Nassau County Supreme Court. *Id.*

On March 11, 2021, the Nassau County Supreme Court dismissed Plaintiff's Quiet Title Action against HSBC. (March 11, 2021 Order, ECF No. 8 at 11.)

On August 17, 2021, Plaintiff filed the instant action. (*See* Compl.) Plaintiff seeks declaratory and injunctive relief from the Second Department's orders, arguing that the Judicial Defendants improperly applied retroactive law that did not exist when the Foreclosure Proceeding was dismissed.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). But, the party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

## DISCUSSION

### I.   Immunity

The Eleventh Amendment bars suit in federal court against a state. *See Bloom v. New York State Unified Ct. Sys.*, 2020 WL 6118828, at *3 (E.D.N.Y. Oct. 16, 2020) (citation omitted). Moreover, "[t]he Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state[,]'" *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) (citation omitted), and to "state officials acting in their official capacities," *Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001). That said, "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official

4

capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 553 U.S. 635, 645 (2002), and *In re Dairy Mart Convenience Stores, Inc.*, 411 F,3d 367, 372 (2d Cir. 2005)).

Here, the State of New York is plainly entitled to sovereign immunity. Moreover, the Second Department as part of the New York State Court System, is "unquestionably an arm of the state" and therefore entitled to immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (citation and quotation marks omitted) (holding that the New York State Unified Court System is an arm of the state and thus entitled to sovereign immunity). Further, sovereign immunity also extends to the individual justices named as defendants because the allegations make plain that they were each acting in their official capacity. *See Napolitano v. Saltzman*, 315 F. App'x 351, 352 (2d Cir. 2009) (affirming dismissal of claims against state appellate judges in their official capacity pursuant to the Eleventh Amendment). Accordingly, Plaintiff's claims against the State of New York and the Judicial Defendants are barred by the Eleventh Amendment.

Plaintiff does not appear to take issue with the application of sovereign immunity to the state or the Second Department. However, as to the individual justices, Plaintiff argues that the *Ex Parte Young* exception to sovereign immunity applies.[3] The Court disagrees. The *Ex Parte Young* exception "allows 'a suit [for injunctive relief] challenging the constitutionality of a state official's actions in enforcing state law[.]'" *CSX Transp., Inc. v. N.Y. Office Real Property*

---

[3] Specifically, Plaintiff contends that his claims against the individual justices should survive dismissal because they are brought against "individual persons in their official capacities" and the relief sought is prospective. (Pl.'s Opp'n at 9–11, ECF No. 43 (citation omitted).) Plaintiff also states that his "complaint meets the requirements set forth [under *Ex Parte Young*]" because the Judicial Defendants "had more than adequate notice of what the law was." (*Id.* at 18.)

5

*Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex Parte Young*, 209 U.S. 123, 154 (1908)). The exception applies when "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quoting *Verizon Md.,* 535 U.S. at 645). Here, Plaintiff seeks declaratory relief from the Court stating, among other things, that Defendants: (i) "improperly retroactively applied law against [him] which . . . did not exist at the time of the C.P.L.R. 3216 dismissal" (Compl. ¶¶ 121, 127, 133, 139); (ii) "improperly denied the Plaintiff his right to an impartial adjudicator" (*id.* ¶ 139); and (iii) "improperly denied [ ] Plaintiff his right to enforce [his] contract when they improperly granted HSBC's appeals."[4] (*Id.* ¶ 163.) Thus, it is evident that Plaintiff seeks redress for decisions the justices have already made. That is, he does not plausibly alleged an ongoing violation of federal law to warrant the applicability of *Ex Parte Young*. *See, e.g.*, *JTE Enters., Inc. v. Cuomo*, 2 F. Supp. 3d 333, 340 (E.D.N.Y. 2014) (plaintiff seeking declaration that he was previously denied due process did not raise any ongoing violations of federal law which would permit the court to provide it with prospective relief).

In any event, Plaintiff's claims against the Individual Defendants additionally fail because they are barred by the doctrine of judicial immunity. It is well settled that "[j]udges have absolute immunity from suits arising from judicial acts performed in their judicial capacities." *Bloom*, 2020 WL 6118828, at *4. Judicial immunity "may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, 'though judicial in nature, [were] taken in the complete absence of all jurisdiction.'" *Id*. Plaintiff cannot overcome that hurdle here. Plaintiff's allegations against the Individual Defendants concern

---

[4] Plaintiff additionally seeks a "declaration" that would prevent Defendants from "pursuing any relief based on the decision of Defendants." (*Id*. ¶ 124.) However, a "declaration dealing only with past events would be retrospective and barred." *Kaminski v. Semple*, 796 F. App'x 36, 38 (2d Cir. 2019); *see also Treistman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) ("[A] declaration dealing with court proceedings that have already occurred would be retrospective.").

6

their involvement in the Quiet Title Action, Foreclosure Action, and the related appeals. At bottom, Plaintiff's challenge is to the conclusion the Individual Defendants reached in these actions, and not their jurisdiction. These acts were undoubtedly performed within their judicial capacities. And, the claims against them are "precisely those [claims] that absolute judicial immunity was designed to preclude." *Ates v. United States*, 2020 WL 6202672, at *8 (E.D.N.Y. Oct. 22, 2020); *see also Dekom v. Seybert*, 2017 WL 6729853, *2–3 (E.D.N.Y. Sept. 21, 2017) (dismissing claims against state judges because they have absolutely immunity "for the actions that they took in their judicial capacities when assigned to [p]laintiff's prior actions").

Plaintiff's claims against the Judicial Defendants are dismissed.

## II.     Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff brings a breach of contract claim against Defendant HSBC. Having dismissed Plaintiff's federal claims, the Court must determine whether to exercise jurisdiction over this claim. "Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3)." *Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 460 (E.D.N.Y. 2015) (quoting *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 237 (E.D.N.Y. 2015)). The Court must "'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction' over pendent state law claims." *Id*. at 461 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "Once all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination" of supplemental jurisdiction. *Lundy v. Catholic Health Sys. Long Island*, 711 F.3d 106, 118 (2d Cir. 2013) (citation omitted). Here, because all of

Plaintiff's federal claims have been dismissed, the Court declines jurisdiction over any remaining claims by Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2022

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge